IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:18-CR-158-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AUSTIN AARON GODWIN, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court *sua sponte*. Defendant is presently subject to two detention proceedings in this court: the pretrial detention proceedings in the instant case, in which the detention hearing is scheduled for this Thursday, 25 October 2018 (*see* D.E. dated 19 Oct. 2018); and the detention proceedings in the probation revocation proceedings against defendant in case no. 7:17-CR-35-D-10, in which the detention hearing is to be set pending the outcome of the instant case (*see* D.E. dated 12 Oct. 2018 (case no. 7:17-CR-35-D)). The scheduling of the detention hearing in the other case has been deferred pending the outcome in the instant case ostensibly because the alleged probation violations by defendant that form the basis of the revocation motion in the other case include offense conduct charged in the instant case. *Compare* 2d Am. Revocation Mot. (D.E. 506), violations nos. 1-3 (case no. 7:17-CR-35-D) *with* Indict. (D.E. 1).

As defendant was informed at his initial appearance in the instant case (*see* D.E. 9), he retains the right to waive his detention hearing in the instant case. Even if he were found to be releasable in the instant case after a detention hearing, the pendency of the detention motion in the other case would preclude his actual release. Under these circumstances, any waiver by defendant of his detention hearing in the instant case would be subject to the reopening of detention

proceedings in the instant case in the event he were found releasable in the other case. *See* 18 U.S.C. § 3142(f) ("The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.").

Attached is a form that provides for waiver by defendant of his detention hearing in the instant case subject to the reopening of detention proceedings under provision in § 3142(f), as noted. The form also provides for defendant's waiver of his right to be present in person before the court to waive his detention hearing. In the event defendant wishes to waive his detention hearing in the instant case as provided in this waiver, he shall file a fully signed copy of the form no later than noon on Wednesday, 24 October 2018. If he does so, the detention hearing will be cancelled. Otherwise, the parties shall convene for the detention hearing as scheduled and, absent an in-person waiver by defendant, the hearing will proceed.

By making the attached form available to defendant, the court expresses no opinion on whether defendant should or not should not waive his detention hearing or his right to make any such waiver in person. These matters are entirely for him to decide in consultation with his counsel.

This 22nd day of October 2018.

James E. Gates
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:18-CR-158-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **WAIVER OF DETENTION HEARING** |
| | ) | |
| AUSTIN AARON GODWIN, | ) | |
| | ) | |
| Defendant. | ) | |

I, Austin Aaron Godwin, the defendant in this case, understand that proceedings have been initiated against me in this case the purpose of which is determine whether I will be detained pending the outcome of this case. After consultation with my attorney, I hereby waive my right to a detention hearing and my right to be present in court to personally waive such a hearing.

I acknowledge the following:

1. I understand that I have the right to a detention hearing to determine whether I should be held in custody pending the outcome of my case.

2. I understand that at the detention hearing, I would have the right to be represented by counsel, hear and challenge the government's evidence, and present and proffer my own evidence.

3. I understand that by waiving the detention hearing, the hearing will not be held and the court will order that I be held in custody pending the outcome of my case.

4. I understand that, after waiver, the detention proceedings in this case may be reopened at any time before trial if the judicial officer finds that information exists that was not known to me at the time of the detention hearing and that has a material bearing on the issue whether there are conditions of release that would reasonably assure my appearance as required and the safety of any other person and the community, including but not necessarily limited to a determination that I am releasable in the pending revocation proceedings in case no. 7:17-CR-35-D-10 in this court.

5. I have had sufficient time to discuss my decision to waive my detention hearing and to do so out of court, and the consequences of that decision with my attorney prior to executing this waiver.

ACKNOWLEDGMENT OF DEFENDANT:

I declare under the penalty of perjury that I have read this Waiver of Detention Hearing form and understand it and that the foregoing statements by me are true.

_____    Date: _____
Signature of Austin Aaron Godwin
Defendant

ACKNOWLEDGMENT OF DEFENDANT'S COUNSEL:

      I have conferred with defendant regarding this Waiver of Detention Hearing form. I am satisfied that he has read and understands this form and that he is waiving his right to a detention hearing and the right to be present in court to make such a waiver as provided in this form knowingly and voluntarily.

_____ Date: _____
Signature of W. James Payne
Counsel for Defendant